May it please the court, Michael Powell on behalf of Mr. Saavedra-Velazquez. What the issue here is, is the Taylor analysis of whether or not a California attempt is a categorical match for the federal attempt in order to find Could you put the microphone up a bit? Yes, your honor. Thank you. What we're trying to figure out here is whether the California slight acts test as one of their elements or how they functionally use the element to convict somebody of an attempt is a categorical match functionally for the substantial acts test in federal law or common law. Now, did you bring this up before the district court? Your honor, what we challenged before the district court was whether or not the robbery itself was a categorical match. And as a matter of law, we asked the court to do a Taylor analysis on that. And, of course, he found that there was a case out there, McDonald, that already had decided that, which turned out not to be the case. So we've raised it as a matter of law. We challenged the 16-level enhancement in that particular case. And at least as a matter of law, we think that that issue is properly before the court here. So, I mean, it's in essence this case is sort of involving us with going along because the court below didn't get to that. But we actually challenged that. And I don't know what else we have to do when we challenge that and ask the court to make a legal ruling on whether or not this, as a matter of law, qualifies. And the court doesn't do that. I think we've done at least what we need to do to present the issue for appeal. But the court didn't rule on it, I doubt. It did not, Your Honor. It ruled that robbery was a categorical match to California robbery, which, as we later find out in the middle of the briefing, this, that's not true. But I think really we know, at least from the beginning, that the slight test and the substantial test are not a categorical match. And at least we have some other cases. The government relies on Sabria, where this court analyzed the Nevada statute. And I think one of their additional citations was the Taylor case, which looked at the Arizona law. And so what these cases tell us is, is that we have to look at the law of the state and see how they functionally utilize the slight test. And the way the cases that we've cited, in particular, the California Supreme Court cases of People v. Superior Court and People v. Memro, Memro is an additional citation I sent up last week, what is very clear how California addresses this issue is they look at it as an issue of pure intent. And what the court said is that the state should be able to utilize the slight test because the language in there where, I guess that was Foster supposedly trying to discourage a witness from testifying, he said that he put in motion forces over which he couldn't retain control and which would have produced their intended results of deterrence, save for the interposition of elements beyond the power of his will. So if you take that language, how does that somehow show an attempt definition that's broader than the generic definition? Well, Your Honor, I mean, okay, the reason I cited Foster in one of the discussions in there is, okay, California makes no distinction between the crime of solicitation and the crime of attempt. And this was the dissent's argument in People v. Superior Court, that the courts basically, looking only at the element of solicitation, this basically shows your intent to ask somebody to do something. And basically the California courts treat that as the intent and the overt act is the same. Once you've articulated your attempt in California, then any act that you do in furtherance to that articulation qualifies as an attempt, but they don't distinguish the difference between an attempt and solicitation. And that's problematic in this case, because both under the guidelines and under the immigration law, we have something that qualifies for an aggravated felony, that an attempt of that or a conspiracy to commit that or aiding and abetting qualifies then, but solicitation does not. And that's the very point of that, is that if the California courts can't tell the difference under their own law, then that cannot categorically match. And what the Court says, and what's interesting is, is what the Court said in People v. Superior Court, when you're viewing the entirety of the conduct, if there's a clearly expressed intent, we find sufficient evidence under the slight act rule. So what they're saying is, is they look at 404B evidence, basically, and what they said in Dillon is, is that acts that are consistent with innocent behavior, if you look at it through the intent, then that's enough. So what they basically say is the intent. Kagan. I just don't read Foster to say that. I mean, basically, they're basically saying the attempt was completed when you can turn to the person and get their concurrence that they're going to go out and then they are going to try to stop this witness from testifying. It just seemed to me that really fit quite neatly into the generic definition as well. And I guess maybe I'm in trouble understanding your effort to put it in the solicitation box rather than the attempt box. Because if you ask the solicitation is asking somebody to do something. So what they basically hear have collapsed that into an attempt. I mean, we have different offenses. And we have a solicitation, if somebody agrees, and then there's a, as a, as supposedly she did this in case, that would be a conspiracy. But you still have to have the overt act to even convict of the conspiracy. So we still have an intermediate step here before there's an actual attempt to do anything. So, I mean, he asked her to do that, but he couldn't do it himself. So, I mean, that's, that's the point of that case. But I think the Dillon case is even. Basically, it wasn't just a solicitation. It's basically the person is agreeing. They made an agreement because the friend agrees to go out and deliver the message. Well, she said she'd agree to go talk to her, but, but, but, yeah. So it seemed to me that that, your argument that it's solicitation doesn't really hold weight there. Well, it's still, maybe I'm not making myself clear, but it seems. Well, I'm just trying to help my, help me out. No, I understand, Your Honor. Because maybe I'm not understanding your argument, but help me out on, because that's one of the key cases that we need to look at. Well, what it says, okay, a solicitation is requesting somebody to do something. You don't know what their intent is. That's why that's, that's enough. But the thing is, a solicitation is certainly different than an attempt by the person. So that, I think that illustrates my point. Once you articulate your intent, would you go talk to this person, I want this person not to testify, then in California that all collapses. There needs to be no other act on his part. He can't do any other act. So, I mean, that's what I'm saying. And if she actually agreed and then somebody did an overt act, that would be a conspiracy. Both of those, at least in my understanding of the law, are both less than an attempt to commit a crime. And as I said in Dillon, what the Court said is that even if an act is innocent in its look, if you look at it with the intent, then we can convict. Now, our courts, and I apologize to the Court, I brought two cases this morning, Steele and Yosanthorn. And both of those indicate, and this is, I think, a critical difference, at least in our circuit and in the federal law, we treat those as two independent elements that have to be independently proved. Now, in fact, in Steele, there was a bank robbery, or attempted bank robbery, was the charge, where the gentleman was sitting there with a wig and all the other preparatory stuff to rob a bank. But he never got out of the car and won any arrest. The court found that, well, the intent was pretty clear. In fact, the gentleman said, yeah, you got me just in time. But they said since he made no act, he had not gone out towards the bank, then you can't meet the substantial test argument there, or that element, so that he was acquitted or reversed and the case was dismissed on that. And I think that's the primary difference between how California treats it and how it's under the Slidex test. Kennedy, that involved the federal statute, right? Yes, Your Honor. Okay. It was an attempted bank robbery. That's what they charged him with. And this Court overturned that on insufficient evidence because he never got out. He didn't make the – he didn't do the substantial step. And that's the same thing with the Yosanthorn case, is that there was – even though there was a call-up, there was some surveillance conducted, and I say I'm out of time, but I'll just, if I may, just explain the rest of the facts of that case. There had been prior acts of drug dealings, and in this case there was counter-surveillance for a meeting where they were going to set up the purchase. This Court once again said, well, the intent was there, but there were too many more steps, so no substantial step had been reached in this particular case. And I – in California, I have no doubt under both of those cases would have found the gentleman guilty either of attempted bank robbery or attempt to possess the – or attempt to possess the possession of a stolen car, or attempt to possess a stolen vehicle, or attempt to possess a stolen vehicle, or attempt to possess a stolen car. And that's a guess on your part. Well, Your Honor, if you look at it, the slight acts, that's what slight acts meant. Once the intent's cleared, then just about anything you do in that particular case will qualify you for an attempted, even if it's not, at least under our law, any more than a solicitation. Thank you, counsel. Good morning. May it please the Court. Elizabeth Olson on behalf of the United States. Good morning, counsel. The defendant's claim on appeal rests on two assumptions. First, that attempt for guideline purposes requires a substantial step. And second, that attempt under California law requires something different from and less than that. Now, this case does come to the Court on plain error review. And the reason for that is that in the district court, the defendant challenged this prior conviction. The defendant was convicted – the prior conviction was attempted robbery in violation of California Code 211 and 664. 211 being the robbery statute, 664 being the attempt statute. And the claim that he made in the district court is that California statute 211 is not categorically a crime of violence. They never raised the attempt issue in the district court. The district court never had the opportunity to pass on that. And so it is here on plain error. And what that means is that it's the defendant's burden to show not only that these two assumptions that he makes are correct, but that they're clearly and obviously correct. And he doesn't do that and he can't do that for two reasons. First of all, because the requirements – if you read the California cases, the requirements for attempt under California law are either coextensive or narrower than every other jurisdiction's definition of attempt that – in all of the cases that are cited here. And second of all, because the defendant hasn't even made the showing or attempted to undertake the task of determining what the contemporary generic meaning is of attempt. Kennedy. Why do you say that it's – the California requirement is greater than every other State when the requirement is that if you have the intent or the design is clearly shown, all you need is a slight act in furtherance of the design? Because the – Yeah. Yeah. Because what the cases say, they use the term slight act, like Nevada courts use slight act, like Arizona used the term any act. And what this Court has said on more than one occasion is the words that the courts use don't make a difference. The question is what is the operational meaning. Why do we have statutes? Why do we have cases if the words don't mean anything? Well, the stat – the words – the phrase slight act is not in the California statute. That's a terminology – So you want us to look at what the Court does. And the Supreme Court of California says what you need is a slight act. And what they – You know, does the English language mean anything anymore? Of course it does, Your Honor. I think – but what's the – Slight, the same as substantial? In fact, the California court in People v. Dillon suggested in a footnote that their interpretation of the requirement of a slight act is – could be interpreted as narrower than the model penal code's definition of the substantial step. Even courts seem to disregard the English language. But, you know, I mean, I don't want to sound like Justice Scalia, but shouldn't we see what a word means? You know, I understand what we did in Nevada, and we may be bound by that. But how can a court with a straight face say that slight means substantial? If you – if you read the cases, Memro, Dillon, Superior Court, Foster, what every – what the California court says in every one of those cases is that what is necessary to constitute an attempt is this, a specific intent to commit the crime and an act, an act that goes beyond mere preparation, an act that crosses the line from preparation to execution. There's all of these acts that – I understand. All of those things. And when you cross the line, could you do it with a slight act, or could you do it with a substantial act, and does slight mean substantial? I think that the defining line, the line – the line – the relevant line for this analysis is the line between preparation and execution. And what terminology a court uses to define that. I mean, for example, if I walk up to a teller in a bank and put my hand in my pocket, is that attempted robbery? Well, it's a very slight act, but if I've arranged to have the getaway car three blocks away, if I've written out the note to the teller, if I've, you know, if I've gone and parked in the handicapped spot, and if I've gotten a gun and procured a gun, all of that might be preparation. If I've done all of that, is the slight act of walking up to the teller and putting my hand in the – in the pocket, am I still just preparing to rob the bank, or am I now putting that plan into effect? And if I'm putting that plan into effect, does it have to be some big substantial step or, you know, the – the – sorry? I didn't create substantial. The – you know, people are supposed to look at the law, look at the words of things, and understand what the crime is. Yes. You know, you might well be right that all you should need is a slight act, but, you know, we say that the law is, in the common law, that you need a substantial act. I mean, I don't mind rewriting the common law and pretending that it didn't say substantial if it said slight, if that's what, you know, the government wants. But I just find it offensive. It may not affect the result, and I've taken too much of your time by saying to pretend that the word slight means substantial is offensive. I would like to make two comments about that, Your Honor. First of all, the – what the California court said in Dillon, I mean, they were looking at the substantial step in the model penal code definition, which a number of states have adopted, and which may – which may be the generic definition of it. That's a different question that I'd love to get into with you. But what the model penal code requires is a substantial step in a course of conduct planned to culminate in commission of a crime. And what the California court said in Dillon, in a footnote, they said that that formulation, that articulation could, in fact, be broader than California's requirement because it could, at least potentially, extend to acts that would constitute under California's interpretation mere preparation, whereas what California requires is an act that crosses the line from preparation to execution that would lead a reasonable observer who understands the context to conclude that absent intervention, the crime will be committed. Now, the California – that is what California requires. That's what they required in Dillon. That's what they required in Foster. That's what they required in California v. Superior Court. They use the phrase slight act as a number of states do – as a number of courts do. It's actually not in the statute, and it's not in very many statutes. But it is a – you know, it is a terminology that a number of courts use in interpreting what is required for that act to cross from preparation to execution. But I think that we can't assume, as sort of common sense as it seems, to assume that slight means slight and substantial means substantial. Substantial must be bigger than slight when what the substantial step is, under the Model Penal Code language, which is a substantial step in a course of conduct planned to culminate in the commission of the offense, that, in fact, could be interpreted as covering things that don't actually meet California's definition, which requires crossing the line from preparation to execution. Are there any California cases which allow less quantum of evidence than this substantial act? No. And, in fact, there's only – there's only one case – there are several cases that I cited in our brief, or at least – at least two, where – where the Court seems to use the phrase interchangeably. They say we have the slight act requirement, and certainly this was a substantial step or vice versa. In People v. Superior Court, the dissent chides the majority for using – for analogizing to a number of out-of-state cases that use the substantial step language. And what the dissent says is the majority is resting on these out-of-state cases that have a different test because they have a substantial step test. Now, that tells me two things. First of all, that the majority, which is the law in California, doesn't make that distinction between substantial step and slight act. And second, what the dissent was saying, which is similar to what the Court was saying in Dillon, is that just because something would qualify under a substantial step test doesn't mean it qualifies under California law. So even the dissent in Superior Court is trying to make the argument that California's law is narrower than these other jurisdictions, which, although they might use the phrase substantial step, could at least potentially be talking about things that don't cross the line from preparation to execution. What we're talking about is the operational meaning. Now, the other piece of this here, of course, is that, you know, this Court has touched on this question three times, Rubilis, Sarbia, and Taylor, and in none of those cases has this Court undertaken the task of actually defining the contemporary generic meaning of attempt. If the Court's talked about the federal definition, the Court's talked about the common law definition, but as this Court recognized in Corona-Sanchez, the Supreme Court and Taylor rejected the idea that you can just take the common law definition and use that for your comparison. What you need to do is, you know, do the 50-state survey, figure out the contemporary meaning of the term as used in most state statutes, and that's what you end up needing to compare it to. The defendant hasn't attempted to make that showing, so I think this Court could either affirm simply on plain error or, if you chose to undertake that task of determining that meaning and looked at how states have interpreted attempt, what you'll see is that virtually every state requires, you know, that whatever terminology they use, they require that line to be crossed between preparation and execution, and that's what the California attempt is. Over my time, I apologize. Scalia. We'll give you a minute for rebuttal. In Mimro, and this is a quote from the California Supreme Court, it says, Some courts of appeal in California have suggested focusing on accused's intent rather than on the degree to which the action must go beyond mere preparation. Thus, whenever the design of a person to commit an act is clearly shown, slight acts done in furtherance of that design will constitute an attempt, and a court should not destroy the practical common-sense administration of the law with subtleties as to what constitutes preparation and what constitutes acts done towards commission of the crime. And that's the difference between a slight act and a substantial step. And the Court says, we have approved this line of cases, and that is the California law, and that's really where the distinction is. California Supreme Court case is that one? This is Mimro, Your Honor. Okay. And it's in the 28J letter. It's paid-sided. And that's the real distinction. And, in fact, this Court has said that the element is a substantial test. That's what they said in Sabra. That's what they said in the Taylor case. And, in fact, this Court has already defined that generic case. And as far as the Sabra being relative to California law, we pointed out in the opening brief that the case that this Court cited in Nevada was based on a California case, which has been rejected by the California Supreme Court as being too stringent for an attempt. Thank you, counsel. The case just argued will be submitted.
judges: Reinhardt, Siler (6th Cir.), McKeown, Cjj